## 54190. AUSTIN v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of aggravated assault on a policeman. *Held:*

1. A state's witness, a police officer, was permitted to testify over objection that one Sarah Jackson had told him that defendant had a gun and had threatened to kill her. The same witness was also allowed to testify over objection that he had heard over the police radio that an officer was "in trouble and needed a back-up unit," and "that shots had been fired." The trial court admitted this evidence for the sole purpose of explaining the officer's subsequent conduct and the jury was instructed to consider this evidence for this purpose only. The objection made was that this testimony was hearsay. This testimony was admissible as original evidence for the limited purpose as specified by the court. Code § 38-302.

2. The court's charge to the jury on the presumption of innocence was correct. Defendant did not make any request to charge on this concept at trial. Now he contends that the trial court erred by not charging the jury that the presumption of innocence "is in the nature of evidence in behalf of the defendant." Considering the charge as given

and the absence of any written request for a more specific instruction on the subject, no error was committed.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JUNE 28, 1977 — DECIDED JULY 14, 1977.

*Jesse T. Edwards,* for appellant.

*H. Lamar Cole, District Attorney, Alden W. Sneed, Assistant District Attorney,* for appellee.